In the Matter of the Application of MATTHEW PETERS, Petitioner, for Admission to the Bar.

Third Department, November 17, 1927.

Attorney and client — admission — petitioner passed State bar examination — character committee refused certificate of approval because of disbarment of petitioner in Alabama — attorney disbarred in another State will not be admitted here while such disbarment exists against him.

The petitioner is denied admission to the bar in this State, for, while it appears that he has successfully passed the State bar examination, the character committee has refused him a certificate of approval because of the fact that he was disbarred by the courts of Alabama and that such disbarment still exists

against him. An attorney disbarred in another State will not be admitted to practice here, at least so long as the disbarment exists against him in that State.

MOTION on notice to the character committee of the Third Judicial District, for an order (1) to modify the report of that committee relating to the applicant Peters' admission to the bar; and (2) to instruct said committee as to the conclusiveness of the certificate of the New York State Board of Law Examiners; or (3) to strike certain paragraphs from said report of said character committee relating to applicant and directing said committee to certify said applicant for admission to the bar; or (4) to grant leave to applicant to renew his application to the character committee in any other judicial department of the State of New York.

*Matthew Peters,* petitioner in person.

*P. C. Dugan,* representing character committee, submits the matter to the determination of the court without argument or brief.

PER CURIAM. The applicant, who has been disbarred in the State of Alabama and who later passed the bar examinations in this State, claims that the certificate of such bar examiners entitles him as a matter of law to be admitted to the bar of this State. He has not received a certificate of approval of his general character and fitness from the character committee of the Third Judicial District, within which he resides. That committee denied him such a certificate because of his disbarment in Alabama. Because of the unusual character of the case, the committee reported the fact of such disbarment without recommendation. This court refused to recognize the applicant's eligibility to admission, not because the committee made no recommendation, but because the court refused to establish a precedent of admitting to the bar of New York one who is still recorded as disbarred by the courts of a sister State. Admission to the bar is a privilege and not a right and the action of the bar examiners in admitting applicant to examination and in certifying to applicant's knowledge of our laws, cannot preclude this court from the exercise of its judgment as to applicant's general character and fitness.

Disbarment is a badge of unfitness. Yet this applicant has been making repeated applications to this court and to its character committee since 1922 to ignore that disbarment as an invalid judgment of unworthy judges of the courts of a sister State. He has not been content to rest his attack upon that disbarment upon purely legal argument but his invective against the judges who sat in his proceeding has been so unrestrained and unwarranted as in itself to indicate his unfitness. Judges are not immune from

criticism, nor are their decisions; but one worthy of admission to the bar knows and recognizes befitting methods and limits in making just criticism. He does not indulge in intemperate and unjustified assaults upon the competency and uprightness of a judge. He knows that his remedy is by appeal or motion for reargument, or, in a proper case, a proceeding for impeachment. If the disbarment of applicant in Alabama may be deemed void on jurisdictional grounds (which we do not decide), one would naturally expect that such an argument would be addressed to and decided by the courts of Alabama. No judgment is proof against such an attack whenever made. Instead of applying there promptly for his relief in an orderly fashion, the applicant has been repeatedly calling upon this court to join with him in attacking that judgment and inferentially to give countenance to his unwarranted assault upon the competency and uprightness of the Alabama judges who sat in his disbarment proceeding. He should have presented himself humbly before the court which disbarred him when he learned that the shadow of their disbarment judgment stood in his path here. It is possible that he could be reinstated through the Bar Association of Alabama if a mistake was made. Instead he has heaped contumely upon contumely in his unnecessary and unwarranted attacks upon the judiciary of a sister State. We now say with finality what we have said in effect repeatedly to this applicant: we will not give countenance to his tirade against the courts of Alabama by even considering the validity of their disbarment judgment in his case. The validity of the disbarment is assumed. It stands as a badge of unfitness.

The application is denied.

COCHRANE, P. J., VAN KIRK, HINMAN, McCANN and WHITMYER, JJ., concur.

Motion denied.